IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

        Plaintiff,                                  No. CIV S-05-0671 LKK GGH P

      vs.

DIRECTOR OF HUMAN RESOURCES
CALIFORNIA MEDICAL FACILITY, et al.,

        Defendants.                     ORDER

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.98 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1  Plaintiff names as defendant(s) in the caption of his form complaint "Director of
2  Human Resources California Medical Facility ((CMF) - Vacaville) Occupational Therapy."
3  Form Complaint - first page.  Elsewhere he lists *himself* as the only defendant.  Id., second page.
4  Plaintiff complains that upon his February 23, 1999 transfer to CMF-Vacaville, he
5  was placed in a vocational electronics educational program, but that he is (and was at the time)
6  sufficiently educated not to be placed at such a level.  Form Complaint, second page.
7  Correctional Counselor I (CCI) Stubbs, not specifically named as a defendant, has failed to
8  cooperate.  Attachment, p. 2.  Plaintiff maintains that he has obtained copies of his high school
9  diploma because he was told he could get a job if he did so.  Id.
10  In June or July of 2003, Correctional Officer (C/O) Kent, not named as a
11  defendant, sought information from plaintiff about drug trafficking in CMF-Vacaville.  Id.
12  Plaintiff cooperated providing unspecified information, but somehow the staff and students of his
13  vocational electronics class and the "Education Department" learned of his actions.  Id.  Plaintiff
14  became "somewhat uncomfortable" when C/O Kent and another party, also not identified as a
15  defendant, C/O Sandine, "and other staff told the entire prison that I had supplied the
16  information...."; plaintiff sought to leave the Education Department.  Id.
17  On October 10, 2003, plaintiff arranged an interview with non-defendants Mr.
18  Snively and Ms. Andrews, in order to secure a position in the Occupational Therapy Department,
19  for which he is qualified by unexplained past experience.  Id.  While attempting to deliver the
20  unspecified information requested by unidentified parties, plaintiff was physically assaulted by
21  unidentified inmates ("more than one"), "called names, denied hire [sic], thrown out of church,
22  denied equal wages, harassed over and over, and disciplined with many fraudulent 115
23  disciplinary reports from many," apparently including C/O Park and Instructor W. Bouton
24  (neither of whom plaintiff specifically identifies as defendants).  Id.  Plaintiff received the
25  disciplinary reports "for manipulation/overfamiliarity with staff, even though it had been agreed
26  that I was to begin the process needed to transfer into a position working within Occupational

3

Therapy." Id. Instructor W. Bouton turned plaintiff away when plaintiff tried to have Bouton sign the proper forms. Id. Plaintiff believed this was one of many acts of retaliation by him and others. Id.

Bouton called plaintiff names in class, including "homosexual, fag, and gay,"; more than once, others joined in calling plaintiff a "rat" and a "snitch." Attachment, p. 3. Plaintiff was subjected to such name-calling within the class and throughout the institution. Id. Plaintiff's new counselor, CCI Pappa (not named as a defendant), told plaintiff to get the necessary paperwork for a transfer to Occupational Therapy, which plaintiff did. Id. Pappa then told plaintiff to get the documents signed and he would handle the rest. Id. No one would sign, however, because plaintiff was "probably hot [on] the drug trafficking trail." Id.

Plaintiff was soon interviewed by a "psych" team and Lieutenant Roszko, was falsely diagnosed by a Dr. Canning. Id. Dr. Morgenstern asked that plaintiff be put on medication; his disability was elevated from CCCMS to EOP; he was "arrested"; his housing changed; he was kicked out of school. Id. (No individual throughout the complaint is identified as a defendant). Plaintiff is not interested in learning how to fix a television. Id. Staff and inmates have often referred to him as "white trash." Id. "They" are 'dirty' cops," for which CMF-Vacaville is a "'country club.'" Id. Plaintiff has been a "better cop for years." Id. Plaintiff is a victim of a conspiracy for unknown reasons, even with regard to his employment. Id. Although plaintiff refers the court to paperwork he has submitted to the U.S. Equal Opportunity Commission (EEOC) to demonstrate evidence of a conspiracy, the only exhibit attached to his complaint identified as coming from the EEOC notes that plaintiff's file is being closed with regard to his claims because "[b]ased upon its investigation, the EEOC is unable to conclude the information obtained establishes violation of the statutes." Exhibit to complaint. Plaintiff seeks only money damages, including back pay.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set

1  a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of
2  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8
3  requires only "sufficient allegations to put defendants fairly on notice of the claims against
4  them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

5    Plaintiff strings together a litany of allegations, some of which may possibly be
6  colorable, but all of which are too vague to put defendants (who are also insufficiently identified)
7  fairly on notice of the claims against them in violation of Fed. R. Civ. P. 8.  See Conley v.
8  Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide
9  Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty
10 allegations fails to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1202 (2d ed. 1990).

12   As to his claims with respect to any particular work, plaintiff is informed that
13 inmates have no constitutional right to work.  Baumann v. Arizona Dept. of Corrections, 754
14 F.2d 841, 845 (9th Cir. 1985).   Since plaintiff does not have a constitutional right to a prison job,
15 much less to a particular job, he is not entitled to due process procedural protections prior to
16 being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of
17 that job nor to reinstatement into any position.  Plaintiff fails to state a constitutional claim as to
18 the job-related claims.  In addition, to the extent that plaintiff objects to his placement in a
19 particular educational program, in general, prison officials' housing and classification decisions
20 do not give rise to federal constitutional claims encompassed by the protection of liberty and
21 property guaranteed by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth,
22 408 U.S. 564, 569 (1972). His job and education related allegations will be dismissed, but
23 plaintiff will be granted leave to amend, within thirty days.

24   With respect to plaintiff's claims that he has been subjected to retaliatory prison
25 disciplinary action, inmates do have a right to be free from the filing of false disciplinary charges
26 in retaliation for the exercise of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802,

1  807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson,
2  778 F.2d 527, 532 (9th Cir. 1985).  In order to state such a claim of retaliation, a plaintiff must
3  plead facts which suggest that retaliation for the exercise of protected conduct was the
4  "substantial" or "motivating" factor behind the defendant's conduct.  Soranno's Gasco, Inc. v.
5  Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.  The plaintiff must also
6  plead facts which suggest an absence of legitimate correctional goals for the conduct he contends
7  was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to
8  state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even
9  threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the
10 equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere
11 conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts
12 showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v.
13 Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).  Plaintiff's claims of retaliation will be
14 dismissed with leave granted to amend.

15          Plaintiff may be seeking to claim violation of his rights under the Eighth
16 Amendment for failure to protect with respect to an alleged physical assault or certain name-
17 calling or leaking of information by prison officials which might put plaintiff at serious risk, but
18 he has thus far failed to specifically name as defendants the individuals responsible and link them
19 to alleged constitutional deprivations.   "Prison officials have a duty...to protect prisoners from
20 violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S Ct. 1970
21 (1994); Hearns v. Terhune, 2005 WL 1529730, * 4 (9th Cir. June 30, 2005).  A prison official's
22 failure to protect an inmate may constitute an Eighth Amendment violation when (1) the
23 deprivation claimed is "'objectively, sufficiently serious," and (2) the prison official has a
24 "'sufficiently culpable state of mind,' acting with deliberate indifference.'" Hearns, supra,
25 quoting Farmer, supra, at 834, 114 S. Ct. at 1970.  Plaintiff
26 /////

In <u>Farmer</u>, <u>supra</u>, the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. <u>Id.</u> at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. <u>Id.</u> at 842, 114 S. Ct. at 1981. Plaintiff's claims in this regard will be dismissed with leave granted for him to more specifically set them forth.

If plaintiff seeks to allege inadequate medical care in violation of the Eighth Amendment, he has plainly not done so within these allegations, nor has he sufficiently supported his vague allegations of conspiracy. As heretofore noted, plaintiffs claims will be dismissed but he will be granted thirty days to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must name individual defendants upon whom the court may be able to direct service of process. He must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents,</u> 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.</u>

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.98. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 8/24/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hart0671.b